HAMILTON, Circuit Judge,
concurring.
I join Judge Kanne’s opinion for the court, including the holding that the district judge did not abuse her discretion by denying a new trial on the basis of the defendants’ lawyer’s misconduct in closing argument. I write separately to emphasize how important our standard of review is on that issue.
The defendants’ lawyer said in closing argument that plaintiffs 2012 felony conviction for unlawful use of a weapon “reflects on Mr. Viramontes’ unwillingness to conform his conduct to the law.” The admissibility of the conviction had been the subject of a pretrial motion in limine and order by the district court limiting its use to references only to “a felony conviction,” without explanation, based on the permissible purpose (as defense counsel had argued to the court) of impeaching credibility under Federal Rule of Evidence 609. The defense brief to the district court on the motion in limine shows that counsel fully understood the difference between proper and improper use of the conviction, as should any lawyer who has passed an introductory evidence class. It is difficult to see this misconduct during closing argument as anything other than a deliberate harpoon, in flagrant violation of Rule 609 and the judge’s order in limine. The defendants make no effort on appeal to justify the misconduct. They ask only that we not order a new trial.
As the court explains, the appropriate response to such misconduct during trial is left to the sound discretion of the district judge. In this case, Judge Kendall’s response was toward the gentler end of the spectrum of reasonable responses. It is important to recognize that a much stronger response was also within the judge’s discretion. For example, the trial judge might have granted a new trial and ordered the offending party to pay the court and opposing party for the additional costs of a new trial. I would also have found such a response within the judge’s discretion.